UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>               Plaintiff,<br><br>   v.<br><br>GUARD FOX,<br><br>               Defendant. | Case No. 1:16-cv-00143-EJL<br><br>**ORDER ON PENDING MOTIONS** |

Currently pending before the Court are motions to compel filed by both parties, as well as a motion for sanctions filed by Plaintiff and a motion for a protective order filed by Defendant. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order.

1. **Defendant's Motion to Compel (Dkt. 74)**

In Defendant's Motion to Compel, Defendant seeks responses, or supplementation to responses, to several interrogatories and requests for production Defendant has propounded to Plaintiff. Plaintiff has not opposed the Motion. Therefore, Defendant's Motion will be granted.

**ORDER ON PENDING MOTIONS - 1**

Within 30 days after entry of this Order, Plaintiff shall respond to, or shall supplement his responses to, the following:

- Defendant's Interrogatory Nos. 1, 3, 4, 6, 10, and 11.
- Defendant's Request for Production Nos. 1 through 11.

**2. Plaintiff's Motion to Compel (Dkt. 75) and Defendant's Motion for Protective Order (Dkt. 79)**

In his Motion to Compel, Plaintiff seeks discovery related to the following broad categories: (1) video surveillance at the Ada County Jail; (2) Defendant's personnel file and military records; (3) information regarding the jail grievance policy and documentation related to Defendant's training; (4) the identities of inmates housed near Plaintiff at the time of the incidents at issue; and (5) "internal memos, E-mails and any written or electronic communications between all staff" regarding Plaintiff's use of the grievance process. Defendant seeks a protective order against some of this discovery.

### A. *Discovery Requests Regarding Video Surveillance*

Plaintiff asks the Court to compel responses from Defendant regarding video surveillance of Plaintiff's cell that may have captured the incidents at issue in this litigation. However, Defendant stated in his response to Plaintiff's discovery requests about the video surveillance was that the surveillance was "not recorded or otherwise saved" by the jail's surveillance system and later informed Plaintiff that, to the extent that video the area outside Plaintiff's cell may have been recorded at one point—which Defendant did not know—any such recording "no longer existed in any format." (Dkt. 76 at 4.)

Plaintiff has not submitted any evidence that Defendant erased any such video surveillance or otherwise acted in any nefarious way regarding that surveillance. That a video may have been taken and no longer exists is insufficient for the Court to conclude that Defendant destroyed or is withholding any such surveillance. It is more likely that, in the time between the incidents of which Plaintiff complains and the date he filed this action, the video (if any) was disposed of in the manner prescribed by jail policy—not because Defendant had any hand is such disposition. Plaintiff's Motion to Compel with respect to such surveillance, as set forth in Request Nos. 6, 7, 8, 9, 10 of the Motion, will be denied.

Because Plaintiff is not entitled to further information regarding the surveillance system, Defendant's request for a protective order against further discovery on that topic will be granted.

### B. *Defendant's Personnel Records*

#### i. Military Record

Plaintiff asks for production of Defendant's military personnel record in Request No. 2 of Plaintiff's Motion. (Dkt. 75 at 5.) However, Plaintiff has not disputed Defendant's statement that Plaintiff did not make a discovery request for Defendant military records. (Dkt. 76 at 89; Dkt. 81.) Therefore, Plaintiff is not entitled to production of Defendant's military record.

ii. <u>Defendant's Jail Personnel File</u>

Plaintiff seeks Defendant's personnel file in Request No. 1 of his Motion to Compel. (Dkt. 75 at 5.) This request is the subject of Defendant's Motion for a Protective Order.

Defendant is correct that he has a right to keep "sensitive, private, and confidential information" out of discovery if such information is not relevant to the claims or defenses in this case. (Dkt. 76 at 10.) Further, the request for Defendant's entire personnel file is overbroad. However, the Court concludes that Plaintiff may be entitled to at least some of the information in that file.

The Court will grant in part Plaintiff's Motion to Compel as to Defendant's personnel file to the extent that, within 30 days after entry of this Order, Defendant will be required to produce only that documentation in his personnel file that (1) relates to events occurring no earlier than the one-year time period set forth in the Scheduling Order (Dkt. 60), and (2) that relates to Defendant's handling of inmate grievances. Any information that falls into these categories, but that Defendant believes may pose a security risk if disclosed, must be submitted to the Court only, under seal, along with a motion to review the information to determine whether it should be disclosed. Financial information and personal information, such as names of other inmates, birth dates, and social security numbers, may be redacted. Further, if Defendant withholds privileged information, he must provide a privilege log.

The Court will grant in part Defendant's request for a protective order with respect to his personnel file. Defendant will not be required to produce any information from his jail personnel file that does not fall into the above categories.

### C. *Ada County Jail Grievance Policy and Defendant's Training Records*

In Request No. 3 of Plaintiff's Motion, Plaintiff seeks "the complete Ada County Jail Grievance Policies and Training Manuals." (Dkt. 75 at 5.) When Plaintiff propounded this discovery request, Defendant responded by producing the inmate handbook, which has a "very minute" section regarding the grievance policy. (*Id*.) Plaintiff states it is "not conceivable" that there are not more grievance policies. (*Id*.) However, just because Plaintiff subjectively believes something exists does not make it so. Defendant will not be required to produce information that does not exist.

Request No. 3 also seeks production of "all documentation related to [Defendant's] jail training." (Dkt. 75 at 6.) However, Plaintiff has not previously requested such documentation. Rather, Plaintiff requested the production of Defendant's Fox's "work related educational training *history* (as related to his jail duties . . . ), to include certificates, training logs, official notations, etc." (Dkt. 76 at 9.) Defendant responded by producing a copy of his Idaho POST transcript.

Prior to filing his Motion to Compel, Plaintiff did *not* request all documentation related to Defendant's training, merely a "history" of that training. Producing the POST transcript would satisfy this request if POST is the only work-related educational training that Defendant Fox has had. Although some of Defendant's summary judgment briefing appears to refer to other potential training, particularly with respect to the jail grievance

**ORDER ON PENDING MOTIONS - 5**

policy, it is unclear whether Defendant received formal training, or just advice from superiors. Therefore, Defendant will be compelled to supplement his response to the Plaintiff's request for his training history with additional information about Defendant's work-related training history, if such information exists, within 30 days after entry of this Order.

The parties are reminded that they must continue to supplement all of their disclosures and discovery responses.

### D. Identities of Inmates Housed Near Plaintiff

In Request No. 5 of the Motion to Compel, Plaintiff seeks the identities of inmates housed in the same pod as he was at the time of the incidents. Plaintiff sought this information from Defendant in a letter, not a formal discovery request. Defendants objected on several grounds, including the correct observation that Plaintiff's request was actually an interrogatory rather than a request for production. (Dkt. 76 at 10.) Because Plaintiff had already used his allotted number of interrogatories, Defendant did not disclose the names of any such inmates.

Defendant moved for additional interrogatories, but the Court denied that Motion in part because "Plaintiff ha[d] not shown good cause for the additional interrogatories." (Dkt. 73 at 2.) Because Plaintiff had already utilized all of his interrogatories at the time he sought the names of these inmates, this portion of Plaintiff's Motion to Compel will be denied.

### E. Internal Memos, Emails, and Other Communications Related to Plaintiff's Participation in the Grievance System

Like Plaintiff's request for Defendant's jail personnel file, this discovery request is overbroad. The only participation by Plaintiff in the grievance process that is relevant to this lawsuit is that involving Defendant Fox, not any other jail employee. Thus, Plaintiff is entitled to some of the information within his overbroad discovery request, if that information exists.

Within 30 days after entry of this Order, Defendant will be required to produce only those internal communications that (1) relate to events occurring no earlier than the one-year time period set forth in the Scheduling Order (Dkt. 60), and (2) that relate to Plaintiff's use of the grievance process *as it involved Defendant*. As with Defendant's personnel file, any information that falls into these categories, but that Defendant believes may pose a security risk if disclosed, must be submitted to the Court only, under seal, along with a motion to review the information to determine whether it should be disclosed. Financial information and personal information, such as names of other inmates, birth dates, and social security numbers, may be redacted. Again, if Defendant withholds privileged information, he must provide a privilege log.

### 3. Potential Effects of Failing to Comply with this Order

The Court may issue "just orders" as sanctions for failure to comply with a discovery order, including an order on a motion to compel. Such sanctions may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Court may take any of the above actions if this Order is not followed.

In particular, the parties are advised that they may be barred from relying on any evidence, including witness testimony, that (1) is determined to be responsive to discovery requests, but (2) is not disclosed or produced by that party. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Bennion v. United States*, No. CV-04-614-N-EJL, 2006 WL 4524339, at *6 (D. Idaho Dec. 18, 2006) ("Plaintiff has not carried its burden in complying with the applicable rules of disclosure regarding expert witnesses ... [T]he Court finds the proper

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Court may take any of the above actions if this Order is not followed.

In particular, the parties are advised that they may be barred from relying on any evidence, including witness testimony, that (1) is determined to be responsive to discovery requests, but (2) is not disclosed or produced by that party. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Bennion v. United States*, No. CV-04-614-N-EJL, 2006 WL 4524339, at *6 (D. Idaho Dec. 18, 2006) ("Plaintiff has not carried its burden in complying with the applicable rules of disclosure regarding expert witnesses ... [T]he Court finds the proper

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Court may take any of the above actions if this Order is not followed.

In particular, the parties are advised that they may be barred from relying on any evidence, including witness testimony, that (1) is determined to be responsive to discovery requests, but (2) is not disclosed or produced by that party. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Bennion v. United States*, No. CV-04-614-N-EJL, 2006 WL 4524339, at *6 (D. Idaho Dec. 18, 2006) ("Plaintiff has not carried its burden in complying with the applicable rules of disclosure regarding expert witnesses ... [T]he Court finds the proper

sanction in this case is to not permit Dr. Adams' testimony at trial."), *aff'd*, 288 F. App'x 443 (9th Cir. 2008).

4.  **Plaintiff's Motion for Sanctions and Request to Consider Late Disclosed Evidence for Pending Motion for Partial Summary Judgment (Dkt. 80)**

In Plaintiff's Motion for Sanctions, he accuses Defendant of "nefarious intent" in failing to disclose information in discovery. (Dkt. 80 at 4.) Plaintiff also asks that the Court consider evidence that was disclosed late. Finally, Petitioner objects to this Court's denial of his motion for additional interrogatories, asserting that it was incorrectly denied because, Plaintiff contends, he did not have three pending motions. (Dkt. 80 at 3-4; *see also* Dkt. 8 at 11 ("No party may have more than three pending motions before the Court at one time . . . .").)

The Court does not believe sanctions are appropriate at this time, as there is not enough evidence to allow the Court to infer that any party has intentionally abused the discovery process. Therefore, Plaintiff's request for sanctions will be denied.

With respect to Plaintiff's request that the Court consider additional evidence, because both parties' Motions to Compel will be granted at least in part, the Court will grant Plaintiff's request to the extent that any information responsive to this Order may be submitted along with any renewed dispositive motions.

As for Plaintiff's objection to the Court's denial of his request for additional interrogatories, the Court will not reconsider that decision. Aside from the fact that Plaintiff did, in fact, have three motions already pending at the time he filed his motion for additional interrogatories, the three-motion limit was not the only reason that motion

was denied. The motion was also denied on the merits because "Plaintiff ha[d] not shown good cause for the additional interrogatories." (Dkt. 73 at 2.)

## CONCLUSION

Both parties are entitled to at least some information, if it exists, sought in their respective Motions to Compel, and such information must be disclosed within 30 days after entry of this Order. Therefore, the pending dispositive motions will be denied without prejudice, and the Court will allow the parties additional time to review that evidence prior to renewing their dispositive motions; such additional time will also permit the Court to review any in camera documents submitted by Defendant for review.

Within 120 days after entry of this Order, the parties may renew their motions for summary judgment. To maintain clarity in the record, the parties will be required to file new summary judgment briefing if they renew their motions. However, the parties may cite to evidence already in the record and need not submit such evidence again.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Compel (Dkt. 74) is GRANTED.

2. Plaintiff's Motion to Compel (Dkt. 75) is GRANTED IN PART to the extent set forth above.

3. Defendant's Motion for Protective Order (Dkt. 79) is GRANTED IN PART to the extent set forth above. Further discovery on the topic of the Ada County Jail surveillance system is prohibited, as is any discovery with

respect to Defendant's personnel file that is outside of the parameters set forth in this Order.

4. Plaintiff's Motion for Partial Summary Judgment (Dkt. 61) is DENIED without prejudice to refiling after the parties have disclosed the information required by this Order and within 120 days after entry of this Order.

5. Defendant's Motion for Summary Judgment (Dkt. 77) is DENIED without prejudice to refiling after the parties have disclosed the information required by this Order and within 120 days after entry of this Order.

6. Plaintiff's Motion for Sanctions and Request to Consider Late Disclosed Evidence (Dkt. 80) is GRANTED IN PART to the extent set forth above.

7. If any of the information compelled by this Order does not exist, the compelled party must so inform the other party and must describe the actions taken to determine whether the information exists.

8. The parties shall continue to supplement all of their discovery responses, as required by the Federal Rules of Civil Procedure.

DATED: January 11, 2018

Edward J. Lodge
United States District Judge